Filed 4/12/16  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079234 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F08157) |
| v. | |
| MICHAEL DONTI ROBINSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Donti Robinson has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant was charged by criminal complaint, deemed the information, with felony driving under the influence (DUI) of alcohol within 10 years of three or more felony DUI convictions (Veh. Code, § 23152, subd. (a) – count one), and felony driving

1

with a blood-alcohol content of 0.08 percent within 10 years of three or more felony DUI convictions (Veh. Code, § 23152, subd. (b) – count two). The information also alleged defendant suffered four prior DUI convictions (Veh. Code, §§ 23152, subd. (b), 23103.5) and one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).[1]

Prior to the preliminary hearing, the trial court heard and denied defendant's motion to strike the prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Following the preliminary hearing, defendant filed a "Motion for Review of Record to Allow Defendant to Take an Offer Not Relayed to Him by Counsel." Defendant argued a 32-month offer had previously been made to his prior counsel but was never relayed to him, resulting in prejudicial ineffective assistance of counsel. The prosecution opposed the motion arguing no 32-month offer was ever made. The trial court denied the motion.

Defendant entered a negotiated plea of no contest to count two and admitted the four prior DUI convictions and the prior strike conviction in exchange for a stipulated sentence of four years (the middle term of two years, doubled for the prior strike) and dismissal of count one.

The factual basis for the plea is as follows:[2] On November 1, 2014, California Highway Patrol Officer Stephen Newman observed defendant make an illegal U-turn at an intersection. Officer Newman stopped defendant's car and noticed defendant was exhibiting signs of intoxication, such as slurred speech, flushed complexion, red and watery eyes, and nervous, fidgety behavior. Defendant admitted having consumed one

---

[1] Unspecified statutory references are to the Penal Code.

[2] In light of defendant's stipulated disposition, the parties waived referral to the probation department. Thus, the factual basis, summarized by counsel at the plea hearing, was taken from the preliminary hearing.

beer earlier in the day. Officer Newman conducted several field sobriety tests, all of which defendant performed unsatisfactorily. Preliminary alcohol screening testing revealed defendant had a blood-alcohol level of 0.13 percent. A subsequent blood test yielded the same result. Defendant had suffered four prior DUI convictions (Dec. 3, 2008; Sept. 5, 2009; Nov. 24, 2011; Dec. 14, 2007), and one prior strike conviction (June 3, 2003) for first degree burglary in violation of section 459.

The trial court sentenced defendant to the middle term of two years for count two, doubled for the prior strike, for an aggregate term of four years in state prison. The court imposed "minimum fees and fines," and awarded defendant 372 days of presentence custody credit (186 actual days plus 186 conduct credits).

The court's minute order and the abstract of judgment reflect the following fees and fines: a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
_____
Blease, Acting P. J.

We concur:

/s/
_____
Duarte, J.

/s/
_____
Hoch, J.